1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

STEVEN J. HOFFMAN; and TINA M.
HOFFMAN,

                        Plaintiffs,

        v.

GOLDMAN, SACHS & CO.; LOOP
CAPITAL MARKETS LLC; and WELLS
FARGO BANK, N.A.,

                        Defendants.

Case No. 2:13-cv-00239-APG-PAL

**ORDER GRANTING MOTION TO
DISMISS**

Currently before the Court are Defendants Goldman, Sachs & Co.'s, Loop Capital
Markets', and Wells Fargo Bank, N.A.'s, (collectively, "Defendants") Motions to Dismiss
(respectively ECF##4 & 6).

### BACKGROUND

In April of 2005, Plaintiffs Steven and Tina Hoffman ("Plaintiffs"), purchased the real
property located at 667 Baffin Island Road, NV 89011 ("Property"). (ECF#7 at 6.)  Plaintiffs
financed this purchase through a first mortgage loan ("First Loan") from Aspen Mortgage, LLC[1]
in the amount of $221,150.00.  (*Id.* at 11.)  The First Loan was securitized by a Deed of Trust.  In
November 2008, Mortgage Electronic Registration Systems, Inc. ("MERS"), the beneficiary of
the First Loan, substituted ReConTrust Company ("ReCon") under that Deed of Trust.  (*Id.* at

---

[1] Aspen Mortgage is not a party to the instant litigation.

1

1  54.)  In December of 2008, Plaintiffs obtained a second loan ("Second Loan") from Wells Fargo

2  in the amount of $225,822.00.  (*Id.* at 31.)  This loan, too, was secured by a Deed of Trust.

3    In August of 2011, Plaintiffs refinanced the Second Loan with Wells Fargo in the amount

4  of $218,400.00 ("Third Loan").  On January 10, 2013, Plaintiffs filed their Complaint in the

5  Eighth Judicial Court for Clark County, Nevada (Case No. A-13-674732-C) against Defendants

6  seeking damages and equitable relief.  (ECF#1 at 8.)  The suit was subsequently removed to this

7  Court.  Plaintiffs assert two claims in their Complaint: intentional misrepresentation and negligent

8  misrepresentation.  (*Id.*, ¶ 3.)  Plaintiffs also seem to argue that their loan debt was satisfied

9  because their mortgage was pooled and securitized.  (*Id.* at 9, ¶¶ 4(4(2)) and 4(4(3)).)  Plaintiffs

10  ask for "reconveyance of [the Property] free of levy and lien, and equitable relief of $150,000

11  plus legal fees."  (*Id.* at 9, ¶ 5.)

12    On February 20, 2013, Defendants filed their respective Motions to Dismiss ("Motions").

13  (ECF##4 and 6.)  For the reasons discussed below, the Court grants Defendants' Motions.

**DISCUSSION**

15    A complaint must provide "[a] short and plain statement of the claim showing that the

16  pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp v. Twombly*, 550 U.S.

17  544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more

18  than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."

19  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286

20  (1986)).  "Factual allegations must be enough to rise above the speculative level."  *Twombly*, 550

21  U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual

22  matter to "state a claim to relief that is plausible on its face."  *Iqbal*, 129 S. Ct. at 1949 (internal

23  citation omitted).

24    In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply

25  when considering a motion to dismiss.  First, the court must accept as true all well-pled factual

26  allegations in the complaint; however, legal conclusions are not entitled to the assumption of

27  truth.  *Id.* at 1950.  Mere recitals of the elements of a cause of action, supported only by

28

1   conclusory statements, do not suffice. *Id*. at 1949. Second, the Court must consider whether the

2   factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is

3   facially plausible when the complaint alleges facts that allow the court to draw a reasonable

4   inference that the Defendant is liable for the alleged misconduct. *Id*. at 1949. Where the

5   complaint does not permit the court to infer more than the mere possibility of misconduct, the

6   complaint has "alleged–but not shown–that the pleader is entitled to relief." *Id*. (internal

7   quotation marks omitted). When the claims in a complaint have not crossed the line from

8   conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

9       "Generally, a district court may not consider any material beyond the pleadings in ruling

10   on a Rule 12(b)(6) motion. ... However, material which is properly submitted as part of the

11   complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner

12   & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir.1990) (citations omitted). Similarly, "documents

13   whose contents are alleged in a complaint and whose authenticity no party questions, but which

14   are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion

15   to dismiss" without converting the motion to dismiss into a motion for summary judgment.

16   *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.1994).

17       **A. Quiet Title**

18       Although Plaintiffs have not expressly pled a claim for quiet title, the Court infers that

19   Plaintiffs are asserting that claim based on their vague allegations and prayer for relief.

20   Specifically, Plaintiffs seems to claim that their debt was satisfied because their mortgage loans

21   were pooled and securitized. (ECF#1 at 8, ¶¶ 4(2) and 4(3).) Their request for "reconveyance of

22   [the Property] free of levy and lien" seems like a demand for quiet title. (ECF#1 at 9, ¶5.) "A

23   quiet title action requests a judicial determination of all adverse claims to disputed property." 65

24   Am. Jur 2d. Quieting Title and Determination of Adverse Claims § 1. In Nevada, "[a]n action

25   may be brought by any person against another who claims an estate or interest in real property,

26   adverse to him, for the purpose of determining such adverse claim." NRS § 40.010.

27

28

1    The burden of proof in a quiet title action rests with the plaintiff to prove good title in

2    himself. *See Breliant v. Preferred Equities Corp.*, 112 Nev. 663, 918 P.2d 314, 318 (Nev.1996).

3    Thus, in order to obtain title to the Property "free of levy and lien" as Plaintiffs request, they must

4    prove that the Deed of Trust lien has been properly extinguished—that is, by payment of the

5    underlying Loan or by operation of law. Plaintiffs' Complaint does not make out a plausible case

6    for either scenario.

7    Plaintiffs fail to allege that they paid off their loans; however, it is uncertain from the

8    pleadings whether they are in default. Plaintiffs vaguely suggest in their Complaint that the debt

9    was satisfied because their Deeds of Trust were "pooled and securitized into [a] securitized trust."

10   (ECF #1 at 9, ¶ 4(2).) They also claim to have "documentation verifying satisfaction of said

11   [Deeds of] Trust." (*Id.*) Such conclusory allegations, without more, are not sufficient to make

12   out a plausible claim that the debt has been satisfied or extinguished by operation of law. *Iqbal*,

13   129 S. Ct. at 1949. Therefore, Plaintiffs' demand for conveyance of the Property "free from levy

14   and lien" fails under Rule 8(a).

15   The Court dismisses this claim without prejudice. Plaintiffs may attempt to amend their

16   Complaint to include sufficiently detailed factual allegations that their loans are not in default and

17   that the Deeds of Trust have been extinguished as a matter of law.

18   **B. Intentional Misrepresentation**

19   Plaintiffs appear to contend that Defendants misrepresented their ownership of the Deeds

20   of Trust. (ECF #1 at 9, ¶ 4(4) and 4(5)). To state a claim for fraudulent misrepresentation in

21   Nevada, a plaintiff must allege that (1) defendant made a false representation; (2) defendant knew

22   or believed the representation to be false; (3) defendant intended to induce plaintiff to rely on the

23   misrepresentation; and (4) plaintiff suffered damages as a result of his reliance. *Barmettler v.*

24   *Reno Air*, Inc., 114 Nev. 441, 956 P.2d 1382, 1386 (1998). In addition, Rule 9 requires a party to

25   "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). This

26   particularity requires "an account of the time, place, and specific content of the false

27   representations, as well as the identities of the parties to the misrepresentations." *Swartz v.*

28

4

1  *KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007); *see also Morris v. Bank of Nev.*, 886 P.2d 454,
2  456 n.1 (Nev. 1994).

3      Plaintiffs' claim for misrepresentation fails because it was not pled with specificity as
4  required by Rule 9(b). Nowhere in the Complaint do Plaintiffs allege who made the fraudulent
5  statements, when the statements were made, or where they were made. Plaintiffs also fail to
6  allege the specific content of the fraudulent statements—their allegations include only broad
7  generalizations. Plaintiffs also fail to identify precisely what reliance they placed on the
8  "misrepresentations" such that Plaintiffs are entitled to damages or equitable relief.

9      For example, paragraph 4 of the Complaint alleges that they "had a justified reliance on
10  truthfulness of ownership and proper assignments which was misrepresented by [Defendants']
11  account of ownership beneficiary through endorsements, [and] assignments." (ECF#1 at 9.)
12  Plaintiffs make no factual allegation about who, when, or how, or for that matter, which
13  defendant intentionally misrepresented its "account of ownership beneficiary." Instead, Plaintiffs
14  seem to allege only that they were somehow misled by their reading of documents purporting to
15  assign defendants' beneficial interest in their loans to "actual certificate holders known as partial
16  beneficiaries." (*Id.* at ¶4(2)). Plaintiffs fail to indicate what specific content within any of those
17  documents constituted false representations, how they were false, and who the "partial
18  beneficiaries" are. Even assuming that Plaintiffs had a justifiable reliance on the "truthfulness of
19  ownership and proper assignments," Plaintiffs have failed to articulate what damages flow from
20  the alleged untruthfulness of ownership and improper assignments, assuming there were any of
21  either.

22      Moreover, on the basis of the factual allegations in the Complaint, it is difficult to
23  understand how Plaintiffs could have justifiably relied to their detriment on any alleged
24  misrepresentations in the loan documents. The Wells Fargo Deed of Trust states that it and the
25  Note "could be sold one or more times without prior notice to [Plaintiffs]." (ECF#7 at 75, ¶20.)
26  Plaintiffs signed the Deeds of Trust, thereby accepting any subsequent assignment to a
27  subsequent purchaser of the debt. (ECF#7 at 78.)

28

1   Similarly, it is difficult to determine how Plaintiffs could have justifiably relied on any

2   representations made in connection with the loans' subsequent pooling and securitization. They

3   were not a party to those subsequent agreements, so no representations could have been made to

4   them. Even if misrepresentations were made in those agreements, Plaintiffs have not shown how

5   those misrepresentations caused them any harm. Moreover, if they defaulted on their loan

6   obligations, the beneficiaries under the Deeds of Trust could exercise their rights to foreclose.

7   Thus, it is difficult to see how Plaintiffs could have suffered any loss due to any

8   misrepresentations contained in those agreements.

9   Because Plaintiffs have failed to specifically plead facts sufficient to meet Rule 9(b)'s

10   standard, the Court dismisses Plaintiffs' intentional misrepresentation claim, without prejudice.

11   Plaintiffs will have one opportunity to amend their Complaint to include sufficiently detailed

12   factual allegations to satisfy Rule 9(b) and demonstrate the who, what, when, where, why and

13   how of their claim for intentional misrepresentation.

14   **C. Negligent Misrepresentation**

15   Plaintiff s also nakedly assert a claim for "negligent misrepresentation." (ECF #1 at 8, ¶3.)

16   This appears to be an alternative claim for relief, as they offer no facts to support this claim, other

17   than those alleged in support of their claim of intentional misrepresentation.

18   In *Barmettler v. Reno Air*, *Inc.*, the Nevada Supreme Court adopted the definition of

19   negligent misrepresentation from the Restatement (Second) of Torts § 552:

20

21   One who, in the course of his business, profession or employment,
or in any other action in which he has a pecuniary interest, supplies
22   false information for the guidance of others in their business
transactions, is subject to liability for pecuniary loss caused to
23   them by their justifiable reliance upon the information, if he fails to
exercise reasonable care or competence in obtaining or
24   communicating the information.

25   114 Nev. 441, 956 P.2d 1382, 1387 (1998). This federal district recognizes that negligent

26   representation sounds in fraud, triggering the requirement under Rule 9(b) that the circumstances

27   constituting fraud or mistake must be stated with particularity. *See Larson v. Homecomings Fin.,*

28

6

1   *LLC*, 680 F. Supp. 2d 1230, 1234 (D. Nev. 2009) (plaintiffs' claim for negligent

2   misrepresentation failed because it was not pled with specificity under Rule 9(b)); *Kennedy v.*

3   *Carriage Cemetery Servs., Inc.*, 727 F. Supp. 2d 925, 931 (D. Nev. 2010); *Weingartner v. Chase*

4   *Home Fin., LLC*, 702 F. Supp. 2d 1276, 1291 (D. Nev. 2010); *G.K. Las Vegas Ltd. P'ship v.*

5   *Simon Prop. Grp., Inc.*, 460 F. Supp. 2d 1222, 1244 (D. Nev. 2006).

6   As discussed above, Plaintiffs fail to plead what information the Defendants conveyed to

7   Plaintiffs that was false, and how they justifiably relied upon it. Instead, Plaintiffs merely allege

8   an element of the claim: that Plaintiffs justifiably relied on the truthfulness of ownership and

9   proper assignments. This does not satisfy the requirements of Rule 9(b), *Iqbal* and *Twombly*. For

10  these reasons, the claim is dismissed without prejudice.

11

12  **CONCLUSION**

13

14  For the foregoing reasons, Goldman's and Wells Fargo's Motions to Dismiss (ECF##4 &

15  6) are **GRANTED.** Plaintiffs' Complaint (ECF#1) is **DISMISSED WITHOUT PREJUDICE**.

16  Plaintiffs shall have 30 days from the date of entry of this Order in which to amend their

17  Complaint to assert sufficient facts to satisfy the pleading requirements of Rule 9 and *Ibqal* and

18  *Twombly*. Should Plaintiffs not file an Amended Complaint by that date, this case will be closed.

19  DATED this 28th day of October, 2013.

20

21  _____

22  ANDREW P. GORDON
    UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28

7